NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ROCCO LABOZZETTA, PETITIONER, v. ISIDORE CHOLER, RESPONDENT.

For the petitioner, *Mark M. Stein.*

For the respondent, *Edwards & Smith (Andrew O. Wittreich,* of counsel).

\*     \*     \*     \*     \*     \*     \*

2. The matter coming on, on May 6th, 1927, it appeared that the petitioner had been employed as a laborer and trench digger by one Dominick Pucaro, on August 10th, 1926, upon a construction job, wherein the respondent, Isaac Choler, was a plumbing contractor. While engaged in his employment, digging a trench, a passing automobile, coming too near to the edge of the trench, struck a stone, throwing it in the trench and upon the petitioner's back, thereby injuring him. He further testified that Dominick Pucaro had paid him for his services. In addition thereto, the petitioner offered medical testimony to show the extent of his injuries and the amount of his bill. This closed the petitioner's case.

3. The respondent, Isaac Choler, then testified that on August 8th, 1926, he made arrangements with one Dominick Pucaro, with whom he had been doing business for several years, to dig a trench in front of an apartment house in Passaic avenue, in the city of Passaic, New Jersey, wherein he had contracted to do the plumbing; that thereafter Pucaro sent down the petitioner, Labozzetta, who was afterwards injured upon August 10th, 1926. He further testified that at

no time was the petitioner under his control or supervision, that he had nothing at all to do with the work which Pucaro was doing for him.

4. In addition, the respondent offered in evidence checks made payable to the order of Dominick Pucaro, paying him for the work which had been done upon the premises where he had the plumbing contract.

5. I do therefore find from the evidence offered on behalf of the petitioner and on behalf of the respondent as follows: That the petitioner was at no time ever in the employ of the respondent, Isaac Choler, and that the accident which he complains of did not arise out of any employment of him by the respondent, and I do therefore dismiss the petition.

HARRY J. GOAS,
*Deputy Commissioner.*